# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**SCOTT E. LACY**                                                                               **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 3:13CV-P558-S**

**UNITED STATES GOVERNMENT**                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Scott E. Lacy, a prisoner currently incarcerated at the Roederer Correctional Complex, filed this *pro se* action against the United States Government. He captioned the complaint as a "Motion to Obtain Strawman Rights - Redemption in Law." This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

## I.

The complaint alleges as follows:

Comes now the Plaintiff Scott E. Lacy and Respectfully moves this court to All areas of Government and all alleged "Courts of Law" are de facto, "Colour of law and right" institutions. Our "Courts of law only recognize and deal with other legal persons. This is why my lawful name is never entered in their records. The all-caps legal person is used. Like wise, jurisdiction in our "Courts of Law" covers only other artifical person. The proper jurisdiction for a lawful being is a Constitutionally sanctioned, common-law-venue court.

2.) My Straw man is an artifical person that was created by law at my birth on September 1, 1948 via the inscription of All-CAPITAL LETTERS NAME on my birth-Certificate/document which is a document of tittle and a negotiable instrument

3.) When I Scott E. Lacy the lawful being myself as another party than the legal person the two will be and should be seperated.

> 4.) I Scott E. Lacy ask that this court Grant him leave to Re-Caputure my Straw man)

Additionally, Plaintiff requests a hearing and asks that his legal name be shown as Scott E. Lacy "and not as SCOTT EUGENE LACY." He also requests the Court to appoint him counsel.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim will be dismissed as frivolous when "indisputably meritless" legal theories underlie the complaint or when it relies on "fantastic or delusional" allegations. *Id*. at 327-28. Moreover, the Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court must construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims."

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). Moreover, Federal Rule of Civil Procedure 8(a)(3) states that every pleading shall contain "a demand for the relief sought."

Here, Plaintiff's claims against the United States Government rely on "fantastic or delusional" allegations and are premised upon "indisputably meritless" legal theories. The Court is unable discern from the complaint any rational claim showing that Plaintiff is entitled to relief or what relief he may be seeking. He asks that the Court "Grant him leave to Re-Caputure my Straw man." However, the Court is unable to determine what Plaintiff means by this statement or what legal theory he may be advancing. The action will therefore be dismissed as frivolous and for failure to comply with the pleading standards of the Federal Rules of Civil Procedure.

The Court will enter an Order dismissing the action consistent with this Memorandum Opinion.

Date: November 7, 2013

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4411.010

3